## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| **JUAN EDGERTON, also known as** | ) | |
| **DJUAN EDGERTON** | ) | |
| **and TAMIRA EDGERTON** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **No. _____** |
| | ) | |
| **v.** | ) | **JURY DEMANDED** |
| | ) | |
| **GREGORY GEORGE and** | ) | |
| **PCF FRANCHISE** | ) | |
| **LLC,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## COMPLAINT

**COME NOW**, Plaintiffs Juan Edgerton, also known as Djuan Edgerton, and Tamira Edgerton (the "Edgertons" or "Plaintiffs") and bring this action against Defendants Gregory George and PCF Franchise, LLC (collectively, "Defendants") and in support of their causes of action respectfully show unto the Court as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Juan Edgerton, also known as Djuan Edgerton, the husband of Plaintiff Tamira Edgerton, is an individual and a citizen of Nashville, Davidson County, Tennessee who resides at 4420 Franklin Pike, Nashville, Tennessee 37204.

2. Plaintiff Tamira Edgerton, the wife of Plaintiff Juan Edgerton, also known as Djuan Edgerton, is an individual and a citizen of Nashville, Davidson County, Tennessee who resides at 4420 Franklin Pike, Nashville, Tennessee 37204.

3.  Upon information and belief, Defendant, Gregory George, ("Mr. George" or "Defendant George") is a citizen of Fort Lauderdale, Broward County, Florida.

4.  Upon information and belief, Defendant George may be served with process at 2530 Okeechobee Lane, Fort Lauderdale, Florida, 33312.

5.  Defendant PCF Franchise Limited Liability Company ("Defendant PCF" or "PCF") is a limited liability company, with its principal office located in Louisville, Kentucky.

6.  Upon information and belief, PCF may be served with process through its registered agent WT@C Corporate Services, Inc. at 400 West Market Street Louisville, Kentucky 40202.

7.  This Court has subject-matter jurisdiction of this action pursuant to 28 U. S. C. § 1332. The citizenships of Plaintiffs are diverse from that of the Defendants, and the amount in controversy in this case exceeds $75,000 exclusive of costs, interest and attorney's fees.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because it is the district in which a substantial part of the events and omissions giving rise to the claim occurred.

## FACTUAL ALLEGATIONS

9.   In 2013, Plaintiffs started The Peach Cobbler Factory as a family-owned, company with a Christian base, offering various cobbler desserts.

10. The Edgertons operated The Peach Cobbler Factory as a limited liability company.

11. In 2021, the Edgertons met Defendant George and entered into an agreement with Mr. George, forming PCF.

12. As a result of their agreement, Defendant PCF has franchised several stores across multiple states and the District of Columbia, all operating under the Peach Cobbler Factory brand, which was originated by the Edgertons.

2

NSH 2601954.2

13. Over the course of their business partnership, the relationship between Defendant George and the Edgertons began to deteriorate.

14. In April 2022, the Edgertons decided to terminate their business relationship with Mr. George and instead retain its membership in Defendant PCF as a holder of Liquidation Event Units with a gradual buyout.

15. During the process of terminating their business relationship, Defendant George, individually and in the name of Defendant PCF as its chief executive officer, began to publish false information about the Edgertons with the intent of defaming their character and ruining their business relationships and reputation.

16. From April 2022, Defendants made numerous defamatory statements to employees, other franchisees, and various related business partners.

17. From mid-August 2022, Defendants made numerous libelous and slanderous statements with the intent to injure the Edgertons both personally and professionally.

18. Specifically, Defendants engaged in the following actions:

    a.  Defendants falsely informed another franchise owner that the Edgertons failed to properly obtain permits to allow certain franchise owners to properly open and operate their franchise location despite Defendants' awareness that the Edgertons had not agreed to provide proper permitting for the operation of the franchise location.

    b.  In his position as chief executive officer, Mr. George used racial slurs during business meetings in the presence of PCF employees and others when referring to the Edgertons and knowingly made false statements that the Edgertons created

3

NSH 2601954.2

numerous issues related to the difficulties that some of the franchise owners were having in getting their locations open and operating.

    c.   Defendants implied to a franchise owner that the Edgertons were criminals "on-the-run" with warrants, which Defendants attributed to the Edgertons' frequent travel habits.

    d.   Defendants falsely stated that the Edgertons committed fraud by lying about and falsifying certain documents that stated their net worth to obtain property and assets to open their business.

    e.   In his capacity as chief executive officer, Defendant George has falsely stated to at least one other PCF member that the Edgertons are being sued for unpaid rent for one of their leased properties as a result of their inability to properly maintain and operate a business.

19. Defendants' false statements have damaged the Edgertons reputation among their business and personal relationships beyond repair.

20. Defendants have intentionally made these statements in an effort to elicit public hatred, contempt, ridicule, and wrath, and to destroy the Edgertons' business and reputation. The written and verbal statements made by Defendants are false and malicious.

21. Defendants made these defamatory statements with the improper motive and intent of interfering with the Edgertons' existing and/or prospective relationships with franchise owners and customers in the Nashville community by damaging their reputation and diverting customers from doing business with the Edgertons.

22. Upon information and belief, Defendants acted in concert with each other to widely disseminate and publicize the false, malicious, and libelous verbal and written statements to

4

NSH 2601954.2

existing and/or prospective relationships with franchise owners and customers in the Nashville community by damaging their reputation and diverting customers from doing business with the Edgertons.

23. Defendants knew that these statements were false and allowed and intended for these statements to be widely publicized to other individuals through social media and other forums causing damage to the Edgertons' business relationships and their reputation.

24. The Edgertons are not public figures.

## CAUSES OF ACTION

## COUNT I – LIBEL

25. Plaintiffs reallege and incorporate paragraphs 1 through 24 of this Complaint.

26. Defendants intentionally or with knowing disregard published written and/or verbal statements that are false with the intention of vexing, harassing, annoying, or injuring the Edgertons' business and reputation.

27. Defendant George's actions in his individual capacity and in his capacity as chief executive officer of PCF, constitute libel under Tennessee law.

28. The false statements that Mr. George made in his individual capacity and in his capacity as PCF's chief executive officer constitute a serious threat to the Edgertons' reputation and have actually caused and proximately caused Plaintiffs to suffer damages including, but not limited to;

    a. Damage to Plaintiffs' reputations;

    b. Damage to Plaintiffs' standing in the community;

    c. An inability to engage in business transactions with prior business associates;

    d. Damage to Plaintiffs' revenue.

5

NSH 2601954.2

29. At the time Defendants made these false statements and caused them to be widely disseminated, Defendants were each aware that they were false; or, at minimum, knew they were without any basis in fact and acted with reckless disregard as to whether they were false or not. Defendants entertained, at a minimum, serious doubts as to the truth of their defamatory statements and had a high degree of awareness of the probable falsity of the defamatory statements.

30. In making these false statements, Defendants acted with malice and wanton dishonesty by attempting to divert customers away from the Edgertons such that punitive damages are warranted.

31. As a result of Defendants' statements, the Edgertons suffered and will continue to suffer damages, including loss of business and business revenue, and additional costs and expenses.

## COUNT II – SLANDER

32. Plaintiffs reallege and incorporate paragraphs 1 through 31 of this Complaint.

33. Gregory George's actions in his individual capacity and in his capacity as chief executive officer of PCF, constitute slander under Tennessee law.

34. The false statements that Mr. George made in his individual capacity and in his capacity as PCF's chief executive officer constitute a serious threat to the Edgertons' reputation and have actually caused and proximately caused Plaintiffs to suffer damages including, but not limited to;

    a. Damage to Plaintiffs' reputations;

    b. Damage to Plaintiffs' standing in the community;

    c. An inability to engage in business transactions with prior business associates;

    d. Damage to Plaintiffs' revenue.

6

NSH 2601954.2

35. At the time Defendants made these false statements and caused them to be widely disseminated, Defendants were each aware that they were false; or, at minimum, knew they were without any basis in fact and acted with reckless disregard as to whether they were false or not. Defendants entertained, at a minimum, serious doubts as to the truth of their defamatory statements and had a high degree of awareness of the probable falsity of the defamatory statements.

36. In making these false statements, Defendants acted with malice and wanton dishonesty by attempting to divert customers away from the Edgertons such that punitive damages are warranted.

37. As a result of Defendants' statements, the Edgertons suffered and will continue to suffer damages, including loss of business and business revenue, and additional costs and expenses.

## COUNT III – INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS

38. Plaintiffs reallege and incorporate paragraphs 1 through 37 of this Complaint.

39. The Edgertons have existing and/or prospective business relationships to whom the Defendants, working in concert, made defamatory and false statements with the intent to cause a termination of the business relationship.

40. By making these statements, Defendants acted with knowledge of the Edgertons' existing and/or prospective business relationships with customers in the Nashville community.

41. Defendants, by and through their publications of false, malicious, and defamatory statements, acted to cause a breach or termination of the Edgertons' existing and/or prospective business relationships.

42. Defendant's false and defamatory statements made in his individual capacity and in his capacity as the chief executive officer of PCF constitute intentional interference with business

7

NSH 2601954.2

relations, which has actually and proximately caused the Plaintiffs to suffer damages including, but not limited to:

    a.   An inability to engage in business transactions with prior business associates;

    b.   Damage to Plaintiffs' revenue.

43. Defendants, by and through their publications of false, malicious, and defamatory statements, acted with improper motive and means to cause injury to the Edgertons.

44. As a direct and proximate result of the Defendants' conduct as set forth herein, the Edgertons suffered and will continue to suffer damages, including loss of business and business revenue, and additional costs and expenses.

## COUNT IV – CIVIL CONSPIRACY

45. Plaintiffs incorporate herein by reference the allegations in Paragraphs 1-44 of this Complaint, as if stated verbatim.

46. Defendants have acted in concert to publish and disseminate false statements regarding the Edgertons in an attempt to:

    a.     Disparage the Edgertons' goods, services, and business;

    b.     Destroy the Edgertons' reputation;

    c.     Disrupt and interfere with the Edgertons' existing and/or prospective customers and business relations; and

    d.     Induce the Edgertons' existing and/or prospective customers to divert their business away from the Edgertons.

47. As a result of the Defendants' conspiracy, the Edgertons have been damaged to the extent that they have incurred substantial interruption of its business, as well as losses of existing

8

NSH 2601954.2

business, damage to their reputation, and other damages. The Edgertons seek recovery of all such damages flowing from Defendants' conspiracy.

## COUNT V – FALSE LIGHT

48.   Plaintiffs incorporate herein by reference the allegations in Paragraphs 1-47 of this Complaint, as if stated verbatim.

49. Defendants' statements about the Edgertons, in addition or in the alternative to being defamatory, casts them in a false light of being criminals and incapable of running a successful business.

50. Defendants portrayed the Edgertons as dishonest and greedy business partners who do not follow through with their business obligations.

51. This false light would be highly offensive to a reasonable person.

52. Defendants have knowledge that they have placed the Edgertons in a false light or have acted with reckless disregard as to the placing of the Edgertons in a false light with their statements described above.

53. As a result of Defendants' actions, the Edgertons have suffered financial damages, injury to their standing in the community, humiliation, and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, the Edgertons demand a trial of this cause by a jury of twelve (12) and pray for a determination of the following:

(i)      that the Defendants be cited to appear and answer;

(ii)      that the judgment be entered against the Defendants for the compensatory damages in an amount to be determined at trial, not less than Two Hundred Thousand Dollars ($200,000.00);

NSH 2601954.2

(iii)    that judgment be entered against the Defendants for the punitive damages in an amount to be determined at trial, not less than One Million Dollars ($3,000,000.00);

(iv)    that Plaintiff be awarded a permanent injunction restraining Defendants from publishing any false statements regarding Plaintiffs;

(v)    that Plaintiffs be awarded attorneys' fees and costs;

(vi)    that Plaintiffs be awarded court costs, including discretionary costs; and

(vii)    that Plaintiff be awarded such other and further relief as this Court deems necessary to effectuate justice between the parties.

Respectfully submitted,

/s/ *James A. Crumlin, Jr.*
James A. Crumlin, Jr. Esq. (#019760)
Courtney L. Creal (#034330)
Kristen J. Walker, Esq. (#035989)
Spencer Fane, LLP
511 Union Street, Suite 1000
Nashville, TN  37219
(P) (615) 238-6300
jcrumlin@spencerfane.com
ccreal@spencerfane.com
kwalker@spencerfane.com

*Attorneys for Plaintiffs Juan and Tamira Edgerton*

NSH 2601954.2